IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Jackson, | ) | C/A No.: 3:14-2262-MGL-SVH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Corrections, | ) ) ) | |
| Defendant. | ) ) ) | |

William Jackson ("Plaintiff") filed this civil rights action against the South Carolina Department of Corrections ("SCDC") for false imprisonment.[1] This matter is before the court on SCDC's motion for summary judgment. [ECF No. 37]. The motion having been fully briefed [ECF Nos. 48, 49], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for review by the district judge. For the following reasons, the undersigned recommends SCDC's motion for summary judgment be granted.

---

[1] Plaintiff also sued Condie Johnson, the South Carolina Department of Probation, Parole, and Pardon Services, and Richland County, alleging violations of 42 U.S.C. § 1983 and claims of false imprisonment, gross negligence, and negligence. [ECF No. 1-1]. Plaintiff has since settled with these defendants and dismissed them from this action. [ECF Nos. 51, 52, 55, 57, 58, 59, 61].

1

I.      Factual Background

Plaintiff pled guilty to grand larceny on June 17, 2008, and was sentenced to three years' imprisonment suspended to three years of probation. Pl. Dep. 19:2–10.[2] Plaintiff violated the terms of probation when he failed to report to his parole officer, and a probation warrant issued on October 13, 2008. *Id*. at 19:11–19.  On September 6, 2011, Plaintiff self-surrendered based on a family court bench warrant for his failure to pay child support. *Id*. at 17:13–24, 19:20–25. Plaintiff was incarcerated at the Lexington County Detention Center ("LCDC") on the family court warrant until January 6, 2012. *Id*. at 20:17–21.

On January 6, 2012, Plaintiff was transferred from LCDC to Alvin S. Glenn Detention Center ("ASGDC") based on the 2008 probation warrant. *Id*. at 20:22–25. Plaintiff remained at ASGDC until his probation revocation hearing on April 27, 2012. *Id*. at 21:1–4. During the probation revocation hearing, Plaintiff's public defender informed the court that Plaintiff had been incarcerated for "approximately eight months." Hearing Tr. at 2:13–19.[3]  His counsel also informed the court that Plaintiff was originally detained at LCDC, but was transferred to ASGDC because a hold had been placed on him. *Id*. at 4:12–14. The oral pronouncement of the sentence was as follows: "I am going to revoke the time you've been in jail, let you -- let's say 90 days -- give you 90 days to start paying this restitution after you're released." *Id*. at 5:3–6. Plaintiff believed he was going to be released that day. Pl. Dep. at 23:17–18.

---

[2] Plaintiff's deposition may be found at ECF No. 48-1.
[3] The hearing transcript may be found at ECF No. 37-3.

After his hearing, Condie Johnson, Plaintiff's parole officer, asked Plaintiff to sign a partially completed sentencing sheet and indicated that he would complete the remainder of the sheet. Pl. Dep. at 29:4–20. The sentencing sheet indicates the court ordered "the suspended sentence be revoked and the above named defendant be required to serve 8 months of the original sentence . . . ." [ECF No. 39-4]. Plaintiff was transferred to SCDC custody on May 1, 2012, until his release on August 2, 2012. Pl. Dep. 21:5–13. Plaintiff claims he was unlawfully incarcerated after the hearing.

II.     Discussion

    A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.     Analysis

Plaintiff's only claim against SCDC is a state law claim for false imprisonment. [ECF No. 1-1].[4] SCDC argues that the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq.* ("SCTCA"), precludes its liability in this matter. [ECF No. 37-1 at 13]. The SCTCA states that a governmental entity is not liable for a loss resulting from the "execution, enforcement, or implementation of the orders of any court or execution, enforcement or lawful implementation of any process." S.C. Code Ann. § 15-78-60(3).

---

[4] SCDC indicates that during his deposition, Plaintiff claimed to be bringing other causes of action against it, but he has not amended his complaint and does not address additional claims against SCDC in his response.

Here, SCDC executed the order of the state court, as memorialized in the sentencing sheet. The SCTCA therefore precludes liability of SCDC.

To the extent that Plaintiff argues the sentencing sheet was incorrect and therefore not an order of the court, he has failed to show that SCDC can be held liable for a mistake on the sentencing sheet. In *Tant v. South Carolina Dep't. of Corrections*, 759 S.E.2d 398, 402 (S.C. 2014), the South Carolina Supreme Court held that, absent ambiguity in the sentencing sheet, SCDC is confined to the face of that order for its interpretation of an inmate's sentence. SCDC is allowed to assume a sentencing sheet, signed by the judge and attorney without objection, is a memorialization of the judge's intent "no less than what was pronounced from the bench." *Id*. at 403.

Further, Plaintiff has not disputed SCDC's claim that it is not liable under the SCTCA. *See Eady v. Veolia Transp. Serv.*, 609 F. Supp. 2d 540, 560–61 (D.S.C. 2009) ("The failure of a party to address an issue raised in summary judgment may be considered a waiver or abandonment of the relevant cause of action."). The undersigned recommends that SCDC's motion for summary judgment be granted.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant SCDC's motion for summary judgment [ECF No. 32].

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

January 12, 2016                                 Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).